UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW GALANTOWICZ, on behalf of
himself and all others similarly situated,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　12-CV-971S
RHINO ROOM, INC. d/b/a BUFFALO
CHOPHOUSE and MARC CROCE,

                Defendants.

      1.      Plaintiff commenced this collective and putative class action pursuant to the Federal Labor Standards Act ("FLSA") and New York State Labor Law seeking damages due to Defendants' alleged failure to comply with these laws.  Presently before the Court is the parties' joint motion for approval of a stipulation for a binding award by Mediator Robert Weissflach settling the matter.

      2.      Because this case involves the assertion of FLSA claims, special consideration must be paid to any proposed settlement in order to guard against an employer's possible coercion of a waiver or settlement from employees. Voldberg v. A.D. Winston Servs., No. 11-CV-2700, 2012 WL 1415051, *1 (E.D.N.Y. Apr. 20, 2012).  "[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); see Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Martinez v. Ragtime Foods of New York, Inc., No. 11-CV-1483, 2011 WL 5508972, *1 (E.D.N.Y. 2011).

3. This Court finds that the settlement procedures outlined in the parties' proposed stipulation are the product of arm's-length bargaining between experienced counsel, favoring the conclusion that the decision to resolve this matter without further litigation was not tainted by coercion or overreaching. See Wolinsky, 900 F. Supp. 2d at 335. Further, the determination of the award by a neutral mediator subject to approval by only this Court will result in a "judicially supervised" stipulated settlement, as required. Id. This Court notes, however, that when the Mediator's award is submitted for approval, it must be accompanied by sufficient information to allow this Court to determine that it reflects a fair and reasonable compromise of disputed issues and that there is a substantial showing of the need for confidentiality that outweighs the presumption of public access that applies to FLSA settlements. See Martinez, 2011 WL 5508972 at *1; see also Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925(NGG), 2011 WL 282327, *1 (E.D.N.Y. Jan. 25, 2011) (collecting cases disfavoring confidentiality provisions in FLSA cases).

IT HEREBY IS ORDERED that the parties' Joint Motion for Entry of the Stipulation for a Binding Award by Mediator Robert Weissflach (Docket No. 68) is GRANTED and a copy of this decree (Docket No. 68-1) is filed herewith.

SO ORDERED.

Dated: February 13, 2014
      Buffalo, New York

                                            /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                     United States District Court