UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW GALANTOWICZ, on behalf of
himself and all others similarly situated,                    **DECISION AND ORDER**

                     Plaintiff,                                     12-CV-00971-JJM

v.

RHINO ROOM INC. d/b/a BUFFALO
CHOPHOUSE, and MARC CROCE,

                     Defendants.
_____

        Before me is the parties' joint motion [84][1] for approval of a "Binding Mediator's Award" [86]. For the following reasons, the motion is granted.

**BACKGROUND**

        This action seeks to recover unpaid wages and tips and service charges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.,* and the New York Labor Law ("NYLL") §§190 *et seq.*, on behalf of the waitstaff at the Buffalo Chophouse in Buffalo, New York. Complaint [1]. On March 28, 2013 District Judge William M. Skretny conditionally certified an FLSA collective class [37].

---

    [1]    Bracketed references are to CM/ECF docket entries.

On or about January 24, 2014 the parties executed a "Stipulation for Binding Mediation Award by Mediator Robert Weissflach" [68-1], before whom they had conducted a mediation session on December 10, 2013.[2] In relevant part, the Stipulation provided that:

- "Weissflach will make all decisions regarding resolution of all issues in the case (the 'Award') and his ruling will be binding and final on all parties on all issues in the case" (id., ¶1);

- "[t]he Award will include a Resolution Amount having high/low limitation, including attorneys' fees and costs. The high will be $480,000 and the low will be $51,000, all-inclusive" (id., ¶2);

- "plaintiffs and defendants will sign a confidentiality agreement as to the terms of settlement and as to Weissflach's Award. Weissflach's Award will contain a confidentiality provision as to the Resolution Amount . . . . There will be no publicity of the settlement by counsel" (id., ¶9);

- "The Award will only become effective if approved by the Court" (id., ¶11); and

- "as Weissflach is an experienced practitioner in the area of wage and hour law, there is no need for a written Opinion on the legal and factual issues in the case, and that

---

[2] Although the notion of "binding mediation" sounds like a contradiction in terms, it is not unheard of. *See* 4 Am. Jur.2d, Alternative Dispute Resolution §7 ("Mediation-arbitration, sometimes referred to as 'med-arb', is a mixed process that begins as mediation and ends with arbitration if the mediation is unsuccessful. Med-arb is a two-step process. First, a neutral third party mediates the dispute with the parties in an attempt to reach a voluntary settlement. Next, if the participants remain at impasse, the neutral third party renders a binding decision on the unresolved issues following an arbitration hearing").

Weissflach's Award will be Limited to the Resolution Amount and such other terms of resolution that Weissflach deems appropriate, including confidentiality (id., ¶15).

On February 10, 2014 the parties moved for approval of the Stipulation [68]. By Decision and Order dated February 14, 2014 [69], Judge Skretny granted the motion, finding "that the settlement procedures outlined in the parties' proposed stipulation are the product of arm's-length bargaining between experienced counsel, favoring the conclusion that the decision to resolve this matter without further litigation was not tainted by coercion or overreaching . . . . Further, the determination of the award by a neutral mediator subject to approval by only this court will result in a 'judicially supervised' settlement . . . . This Court notes, however, that when the Mediator's award is submitted for approval, it must be accompanied by sufficient information to allow this Court to determine that it reflects a fair and reasonable compromise of disputed issues and at that there is a substantial showing of the need for confidentiality that outweighs the presumption of public access that applies to FLSA settlements". Id., ¶3.

Thereafter, the parties consented to conduct all further proceedings before a magistrate judge [70]. On December 5, 2014, Mr. Weissflach issued a "Binding Mediator's Award" [86]. This motion followed.

## ANALYSIS

A.  **May the Weissflach Award Be Kept Confidential?**

Although the parties wish to keep the details of their settlement confidential to the extent possible, since the Weissflach Award has been submitted for my approval, it cannot be

kept confidential. In approving the settlement of FLSA claims, the court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable". Wolinsky v. Scholastic Inc. 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). "Under the common law right to access, a presumption of public access attaches to any 'judicial document,' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process' . . . . An agreement settling an FLSA claim that is submitted for court approval is indisputably a document that is 'relevant to the performance of the judicial function and useful in the judicial process,' and thus a 'judicial document' subject to the presumption of access." Id.

The fact that this case involves an arbitration (or mediation) award cannot shield the award from public disclosure. "Disputants may be drawn to arbitration out of a desire for privacy, but once one side seeks judicial confirmation of an arbitral award, that petition as well as the underlying award become judicial documents to which the common law right of access is presumed to attach." Pasternak v. Dow Kim, 2013 WL 1729564, *4 (S.D.N.Y. 2013).

Therefore, with the parties' consent, the Weissflach award has been publicly docketed [86].

**B.      Is the Weissflach Award a Fair and Reasonable Compromise of the Dispute?**

The parties were entitled to submit their claims to attorney Weissflach for resolution. "It is by now clear that statutory claims may be the subject of an arbitration agreement." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25-26 (1991). Thus, both FLSA and NYLL claims may be submitted to arbitration. See Arrigo v. Blue Fish Commodities,

Inc., 2011 WL 350478, *1 (2d Cir. 2011) (Summary Order) ("Arrigo's unpaid overtime claims arise under federal and state statutes, and therefore fit comfortably within the jurisdiction that the parties have assigned to the arbitrator. As a result, arbitration is the proper forum for Arrigo's claims").

In accordance with the Stipulation, attorney Weissflach did not discuss in detail the rationale underlying the Award, nor need he do so. An arbitrator "may render a lump sum award without disclosing the[ ] rationale for it, and courts will not inquire into the basis of the award unless they believe that the arbitrator[ ] rendered it in manifest disregard of the law or unless the facts of the case fail to support it". DiRussa v. Dean Witter Reynolds, Inc., 936 F. Supp. 104, 107 (S.D.N.Y. 1996), aff'd, 121 F.3d 818 (2d Cir. 1997), cert. denied, 522 U.S. 1154 (1998); Gilmer, 500 U.S. at 31-32.

However, the Award notes that "the parties submitted approximately 10,000 pages of affidavits, exhibits, spreadsheet calculations, and memoranda of law for my review. After thoroughly reviewing all of the submission[s] and considering the arguments of the parties . . . I believe [the Award], based on my experience as a labor an employment attorney, is a fair and reasonable resolution", and "is essentially what I believe is the current value of what would likely be the ultimate outcome of this matter if it went to final judgment". [86], pp. 3, 4.

"A court's review of an arbitration award is . . . severely limited . . . so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 71-72 (2d Cir. 2012). Given attorney Weissflach's considerable experience in this

area of the law and his careful review of the parties' submission, I agree with his conclusion that the Award represents a fair and reasonable resolution of the parties' dispute.

C.   **Should the Parties' Confidentiality Agreement be Enforced?**

While recognizing that the Award itself must be publicly docketed, the parties agreed to sign a confidentiality agreement as to the terms of the settlement and Award, and authorized attorney Weissflach to specify those tems in the Award. Stipulation [68-1], ¶9. Paragraph 5 of the Award states that "[e]xcept for any submission that may be necessary to obtain Court approval of this Award . . . Plaintiffs shall not publicize the terms of this settlement or discuss the terms with third parties, other than to state that the matter has been resolved. However, Plaintiffs may discuss the terms of this settlement with their accountants or legal advisors and report the amounts received to the appropriate taxing authorities".

Some cases hold that in the settlement of an FLSA claim, such confidentiality provisions violate public policy. *See*, *e.g*. Camacho v. Ess-A-Bagel, Inc., 2015 WL 129723, *2 (S.D.N.Y. 2015) ("a non-disclosure agreement in an FLSA settlement, even when the settlement papers are publically available on the Court's docket, is contrary to well-established public policy because it inhibits one of the FLSA's primary goals - to ensure that all workers are aware of their rights").

However, in the arbitration context (such as here), I do not believe that holding should apply. *See* Guyden v. Aetna, Inc., 544 F.3d 376, 385 (2d Cir. 2008) ("Because confidentiality is a paradigmatic aspect of arbitration, our determination that [the] claims are

arbitrable precludes Guyden's challenge to the privacy of the resulting arbitration").[3] Except to the extent that the public's right of access requires that the Award be publicly docketed, the parties should be held to the confidentiality obligations to which they stipulated.

Plaintiffs wish to be allowed to discuss the terms of the Award with "immediate family members", and defendants object. *See* proposed General Release and Confidentiality Agreement [85-1], p. 3 of 3.  Defendants' objection is well founded, since plaintiffs' proposal conflicts with the confidentiality limitations set forth in paragraph 5 of the Award.  Therefore, the language proposed by plaintiffs shall not be included in the General Release and Confidentiality Agreement.

Defendants propose to except from their release of all claims against plaintiffs "any rights which may arise out of or be related to the General Release and Confidentiality Agreement to be entered by any of the named RELEASEES or their representatives or agents", and plaintiffs object. *See* proposed General Release [85-2], p. 2 of 3. As this clause is appropriate and necessary to give "teeth" to plaintiffs' confidentiality obligations, it may be included in the General Release.  However, any claim of breach of plaintiffs' confidentiality obligations will require proof that the disclosure came from plaintiffs themselves, rather than from the public docketing of the Award.

---

[3]     Guyden involved Sarbanes–Oxley whistleblower claims. Although "after July 21, 2010, the enactment date for Dodd–Frank, [such] claims are no longer arbitrable", Wong v. CKX, Inc. 890 F.Supp.2d 411, 421 (S.D.N.Y. 2012), Guyden's rationale as to confidentiality in arbitration proceedings remains valid.

## CONCLUSION

For the reasons and upon the terms discussed herein, the joint motion [84] is granted, and the Weissflach Award [86] is approved. Defendants shall make payment to plaintiffs and their attorney in accordance with its terms. Plaintiffs shall execute the General Release and Confidentiality Agreement [85-1] without the phrase "his/her immediate family members", and defendants shall execute the General Release [85-2] including the phrase "except for any rights which may arise out of or be related to the General Release and Confidentiality Agreement to be entered by any of the named RELEASEES or their representatives or agents". Once these steps have been taken, counsel shall file a stipulation discontinuing this action, on the merits.

**SO ORDERED**.

Dated: June 8, 2015

                                          /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge